UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHALONDA L. FREEMAN**             **CASE NO.   6:23-CV-01524**

**VERSUS**                          **JUDGE ROBERT R. SUMMERHAYS**

**BERKELEY OIL & GAS**              **MAGISTRATE JUDGE CAROL B.**
**SPECIALTY SERVICES, LLC,**        **WHITEHURST**
**ET AL**

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand.  (Rec. Doc. 12). Defendants oppose the Motion.  (Rec. Doc. 14).  The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be DENIED.

### Facts and Procedural History

This action alleging claims against Defendants was removed by Defendants from the 15th Judicial District Court for the Parish of Lafayette.  (Rec. Doc. 1).  On or about October 21, 2022, Plaintiff was involved in a motor vehicle accident with Defendant Currie.  (Rec. Doc. 1-1, ¶¶ 2-5).  As a result of the accident, Plaintiff alleges she suffered lumbar strain, cervical strain, chest pains, lower back pain, and

general aches and bruises about her body.  (*Id.*, at ¶ 6).  Plaintiff requests damages for her alleged physical pain and suffering; loss of enjoyment of life; medical expenses; grief, shock, humiliation, and emotional distress; loss of past earnings; loss of anticipated future earnings or profits; loss of earning capacity; prescriptions; lost wages; rental expenses; diminished value to her vehicle; interest; expert fees; costs; and any other damages alleging Negligence.  (*Id.*, at ¶¶ 7-10).

In the Notice of Removal, Defendants allege that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  (Rec. Doc. 1). Defendants contend that "[i]t is facially apparent from the Petition that the amount in controversy for Plaintiff's claims exceeds $75,000 based on her alleged injuries and damages."  (*Id.*, at ¶ 13).  In support, Defendants cite *Wilson v. J.B. Hunt Transport, Inc.*, 2020 WL 549736 (E.D. La. Feb. 4, 2020) where the Court found that the defendants met their burden of showing that the jurisdictional minimum existed due to the significant injuries alleged by the plaintiff. (*Id.*, at fn. 5). Per Defendants, "a review of…cases from Louisiana state courts illustrate that neck and back injuries – even soft tissues injuries not requiring surgery – have generated general damages awards greater than $75,000."  (Rec. Doc. 14, p. 5).  Defendants further maintain that, even if the Court does not find that it is facially apparent from

Plaintiff's petition that the amount in controversy exceeds $75,000.00, they have proved by a preponderance of the evidence that the jurisdictional amount has been met. (*Id*. at p. 6). Specifically, Defendants point to the medical records provided by Plaintiff's counsel noting that Plaintiff's "alleged neck, low back, and shoulder injuries have the potential to exceed the jurisdictional minimum." (*Id*.).

Plaintiff filed the instant Motion to Remand alleging that Defendants filed a defective Notice of Removal because they failed to demonstrate that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. (Rec. Doc. 12). Per Plaintiff, her emergency treatment medical bill was only $1,860.00. (Rec. Doc. 12-1, p. 3). Plaintiff notes that she receives occasional medical treatment for her lingering soft tissue discomfort and stated that she is not a potential surgery candidate. (*Id*.). Plaintiff also avers that she only missed three weeks of work resulting in "a modest amount of lost wages." (*Id*.). Lastly, Plaintiff included a Stipulation as to Damages with her Motion to Remand stipulating that she is not seeking damages in excess of $75,000.00. (Rec. Doc. 12-3). Accordingly, Plaintiff contends that Defendants have failed to prove that the amount in controversy requirement has been met.

## **Law and Analysis**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, and those where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiff does not challenge the parties' diversity, and the Court finds that diversity is satisfied. Rather, in the Motion to Remand, Plaintiff challenges Defendants' contention that the amount in controversy exceeds the jurisdictional minimum. (Rec. Doc. 12). The amount in controversy is determined at the time of the filing of the complaint. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003). The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate*

*Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Id*. Any doubts as to the propriety of removal are construed strictly in favor of remand. *See In re Hot-Hed Inc*., 477 F.3d 320, 323 (5th Cir. 2007).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. (Rec. Doc. 1-1). Here, Plaintiff requests damages for her alleged physical pain and suffering; loss of enjoyment of life; medical expenses; grief, shock, humiliation, and emotional distress; loss of past earnings; loss of anticipated future earnings or profits; loss of earning capacity; prescriptions; lost wages; rental expenses; diminished value to her vehicle; interest; expert fees; costs; and any other damages. (*Id*. at ¶ 7). Defendants cite several cases in support of their contention that it is facially apparent from Plaintiff's petition that the claimed damages exceed $75,000.00. The Court is most persuaded by *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The *Gebbia* Court was also faced with assessing generally pleaded damages and a post-removal stipulation as to the amount in controversy. *Id*. In affirming the district court's decision, the *Gebbia* Court summarized as follows:

> [T]he district court properly denied Plaintiff's motion to remand. It is "facially apparent" from Plaintiff's original petition that the claimed damages exceeded $75,000. In *Luckett*, we held that the district court did not err in finding that the plaintiff's claims exceeded $75,000 because the plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization. In *Simon*, we held, in distinguishing *Luckett*, that the district court erred in not remanding the action to the state court because the plaintiff's claims merely alleged less severe injuries and did not allege any injuries that would have supported a substantially larger monetary basis for federal jurisdiction than the injuries alleged in *Luckett*. In this action, Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Such allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*, and therefore the district court did not err in denying Plaintiff's motion to remand. Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation did not divest the district court's jurisdiction.

*Gebbia*, 233 F.3d at 883 (citing *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) and *Simon v. Wal–Mart Stores*, Inc., 193 F.3d 848, 851 (5th Cir.1999))(internal citations omitted).

In contrast, in *Simon*, the plaintiff

> …alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for [the plaintiff], plus loss of consortium…It did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction.

*Simon*, 193 F.3d at 851.

The Court finds the alleged injuries and claimed damages in the present matter to be more akin to those of *Gebbia* and *Luckett*. In support of its removal, Defendants relied on the allegations and claimed damages in Plaintiff's petition. (Rec. Doc. 1). In their Opposition to Plaintiff's Motion for Remand, Defendants also rely upon the medical records received from Plaintiff's counsel as well as correspondence received from The Rawlings Company noting that Plaintiff's medical expenses to date exceed $5,000.00. (Rec. Docs. 14-1 & 14-2). Considering the alleged injuries, the medical damages, the property damages, and the general damages Plaintiff is seeking, the Court finds that Defendants met their burden of establishing an amount in controversy exceeding $75,000.00 at the time of removal. Thus, Plaintiff's post-removal stipulation attempting to reduce the amount in controversy does not support remand. Accordingly, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 12) be denied.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE